UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY BOWE, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:22-cv-04266 (consolidated** |
| | : | **with 1:22-cv-00723; 2:22-cv-04314)** |
| **v.** | : | |
| | : | **Judge Algenon L. Marbley** |
| **CROSS RIVER BANK, SUNLIGHT** | : | **Magistrate Judge Elizabeth P. Deavers** |
| **FINANCIAL LLC d/b/a SUNLIGHT** | : | |
| **FINANCIAL, JAYSON WALLER, and** | : | |
| **TRIVEST PARTNERS, L.P.,** | : | |
| **CORRECTIONAL INSTITUTION,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiffs Gregory and Rebekah Bowe, Deanna and Christopher Evans, and Stephen and Mallori Salazar's Motions for Sanctions and Relief from Judgment of this Court's March 11, 2024, and April 10, 2024, Orders in the following cases: *Bowe et al. v. Cross River Bank et al.*, Case No. 2:22-cv-04266 (ECF Nos. 55, 56); *Evans et al. v. Cross River Bank et al.*, Case No. 1:22-cv-00723 (ECF No. 48); *Salazar et al. v. Cross River Bank et al.*, Case No. 2:22-cv-04314 (ECF No. 46). For all practical purposes, the motions are nearly identical, so this Court considers the motions as consolidated motions and, as applicable, references the motions outlined in *Bowe et al. v. Cross River Bank et al.*, Case No. 2:22-cv-04266. For the reasons explained below, the Motions are **GRANTED in part and DENIED in part**.

## I.      BACKGROUND

This Court laid out the detailed factual and procedural history of these cases in a prior Order (ECF No. 51), so this Court addresses only the history relevant to Plaintiffs' current motions. (Bowe, ECF No. 20). These consolidated cases stem from a purported business operation that

1

allegedly used false promises, deceptive advertisement, and pressured sales tactics to sell customers overpriced and defective residential solar panel systems. Plaintiffs are Gregory and Rebekah Bowe (Case No. 2:22-cv-04266, hereinafter "Bowe"); Deanna and Christopher Evans (Case No. 1:22-cv00723, hereinafter "Evans"); and Stephen and Mallori Salazar (Case No. 2:22-cv-04314, hereinafter "Salazar"). The Bowe, Evans, and Salazar Plaintiffs sued Defendants Cross River Bank (hereinafter "Cross River") and Sunlight Financial, LLC (hereinafter "Sunlight"). Defendants provided loans to Plaintiffs for the purchase of the solar panel system from the now defunct solar panel company, Power Home Solar, LLC (d/b/a Pink Energy) (hereinafter "Pink Energy"). (Bowe, ECF No. 1 ¶¶ 2-5).

On May 22, 2023, Defendant Sunlight filed Motions to Compel Arbitration and Dismiss in the Bowe, Evans, and Salazar cases. (ECF No. 20). On June 13, 2023, Cross River filed a Motion to Join Sunlight's Motions. (ECF No. 25). Subsequently, on March 11, 2024, this Court found that Plaintiffs' claims were subject to arbitration and that the Arbitration Provision is not unconscionable. (ECF No. 51 at 37). Accordingly, this Court granted the Defendants' Motions to Compel Arbitration and Dismiss. (ECF Nos. 51, 53). Now Plaintiffs' request that this Court vacate those two orders reasoning that Defendants Sunlight and Cross River failed to make necessary payments to the Judicial Arbitration and Mediation Services, Inc. ("JAMS") and thus JAMS terminated the court-ordered arbitration. (ECF No. 55). Relatedly, Plaintiffs request an order of contempt against Cross River and Sunlight for their refusal to arbitrate and request an award of reasonable attorneys' fees. (ECF No. 56). These Motions are briefed fully and ripe for this Court's review.

## II.     STANDARDS OF REVIEW

### A.  MOTION FOR RELIEF FROM JUDGMENT

Under Federal Rule of Civil Procedure 60(b), a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) serves as a catchall provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). This provision "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741,750 (6th Cir. 2013)).

Although courts have discretion in ruling on Rule 60(b) motions, that discretion "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). This principle is especially applicable to Rule 60(b)(6),

"which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001)).

### B.  MOTION FOR CONTEMPT AND SANCTIONS

The purpose of contempt proceedings is "to enforce the message that court orders and judgments are to be taken seriously." *Elec. Workers Pension Trust Fund of Loc. Union # 58, IBEW v. Gary's Electric Serv. Co.*, 340 F.3d 373, 385 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 590 (6th Cir. 1987)). Although the contempt power should not be used lightly, it "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Id*. (quoting *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450 (1911)).

The decision whether to hold a person in contempt is within the trial court's sound discretion. *Id.* at 378 (citing *Peppers v. Barry,* 873 F.2d 967, 968 (6th Cir. 1989)). The court's discretion "includes the power to frame a sanction to fit the violation." *Id.* at 385 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2960, at 372–73 (2d ed. 1995)). In the context of civil contempt, "'[j]udicial sanctions ... may, in a proper case, be employed for either or both of two purposes; to coerce … compliance with the court's order, and to compensate the complainant for losses sustained.'" *Id*. at 379 (quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-04 (1947)).

A litigant may be held in contempt if there is "clear and convincing evidence that shows that '[it] violated a definite and specific order of the court requiring [it] to perform or refrain from

performing a particular act or acts with knowledge of the court's order.'" *Elec. Workers Pension Trust Fund*, 340 F.3d at 379 (quoting *Cincinnati Bronze, Inc.,* 829 F.2d at 591). Once the burden of establishing such a violation has been met, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Satyam Comput. Services, Ltd. v. Venture Global Eng'g, LLC*, 323 Fed. App'x 421, 433 (6th Cir. 2009) (emphasis in original) (quoting *Elec. Workers Pension Trust Fund*, 340 F.3d at 379).

### III.    ANALYSIS

### A.  RELIEF FROM JUDGMENT

First, this Court will address the Motions for relief from judgment. Relying on Federal Rule of Civil Procedure 60(B)(6), Plaintiffs contend this Court's March 11, 2024, and April 10, 2024, Orders should be vacated because of Defendants' refusal to engage in arbitration despite this Court's order requiring arbitration of Plaintiffs' claims. (ECF No. 55 at 2). Plaintiffs inform this Court that the parties commenced arbitration with JAMS on July 12, 2024. Subsequently, Defendants filed an answer to Plaintiffs' arbitration demand on October 18, 2024. JAMS then issued Defendants a retainer invoice on June 2, 2025. Defendants never responded to the invoice. Plaintiffs contend that JAMS sent follow up requests for payment on June 4, 2025, June 18, 2025, July 2, 2025, and July 16, 2025. (*Id.*). As a result, JAMS initially stayed the arbitration on July 16, 2025, before ultimately closing the file for arbitration on August 7, 2025, due to Defendants' failure to pay the retainer invoice. (*Id.*).

As support for their requested relief, Plaintiffs cite *Laude v. Azar*, 2021 WL 2439146 (E.D. Wis. June 15, 2021). In *Laude*, the court similarly granted the defendant's request to compel arbitration, but, the *Laude* court ultimately granted the plaintiff's subsequent Rule 60(B)(6) motion

due to the defendant's failure to participate fully in the court ordered arbitration. *Id.* at *2–3. Here, Cross River and Sunlight contend that *Laude* is distinguishable. Cross River and Sunlight argue that unlike the *Laude* defendants, they timely filed a response to the arbitration demand, actively engaged in arbitrator selection, and engaged in settlement communications. (ECF No. 57 at 2). Accordingly, they argue that the "extreme circumstances" of *Laude* do not apply to this case. Additionally, Cross River and Sunlight contend that filing this Motion a year and a half after the final judgment is not within a reasonable time frame. (*Id.* at 3). Despite such, Defendants do not oppose the relief sought: that the cases identified in the consolidated matter be returned to Civil Action No. 2:22-cv-04266 to adjudicate Plaintiffs' claims in this Court. (*Id.*).

This Court finds that Defendants' conduct warrants Plaintiffs' requested relief under Rule 60(B)(6). In *Laude*, as here, the defendants moved to compel arbitration over the plaintiffs' wishes yet refused to engage in arbitration. The crux of the matter in the cases is the same: the defendants requested arbitration yet failed to follow through in a manner that allowed the arbitration process to play out. It is not dispositive that here the Defendants began the process by filing a response and engaged in selecting an arbitrator. The bottom line is that the Defendants have refused to pay the arbitrator and as a result, Plaintiffs have been without relief for over a year. This is exactly the conduct that the *Laude* court reasoned was sufficient to satisfy the plaintiffs 60(b)(6) motion. *Laude*, 2021 WL 2439146, at *1 (E.D. Wis. June 15, 2021) ("The Court accepts Plaintiffs' argument that extraordinary circumstances exist where Defendants move to compel arbitration over Plaintiffs' objection, then refuse to arbitrate for thirteen months, leaving Plaintiffs without a remedy."). Additionally, as to Defendants' contention that Plaintiffs' Motion is untimely, this Court is also not persuaded. Plaintiffs faithfully engaged in arbitration as directed by this Court and filed this Motion only three months after JAMS closed the arbitration file. Thus, this Court

does not find this Motion to be untimely either. Regardless of the parties' dispute over the characterization of Defendants' conduct, the parties agree that this action shall be reopened for adjudication in this Court. Accordingly, this Court **GRANTS** Plaintiffs' Motions for Relief from Judgment (ECF No. 55).

### B.  CONTEMPT AND SANCTIONS

Next, this Court addresses Plaintiffs' Motion for Contempt and Sanctions. As a remedy for Defendants' refusal to comply with this Court's Order that the parties arbitrate Plaintiffs' claims, Plaintiffs request an award of reasonable attorneys' fees. (ECF No. 56 at 1). Plaintiffs contend that sanctions are warranted because: (1) this Court's orders requiring arbitration are clear and unambiguous; (2) Defendants' noncompliance and failure to pay is clear and convincing; and (3) Defendants have not diligently and reasonably attempted to engage in arbitration because they have refused to pay the necessary fees for months despite numerous follow-ups and warning letters from JAMS. (*Id.* at 3).

On the other hand, Cross River and Sunlight contend that Plaintiffs mischaracterize Defendants' participation in the arbitration. (ECF No. 58 at 1). In Defendants' view, the parties were actively engaged in arbitration and Defendants complied with this Court's Order until a dispute arose over a $58,900 retainer that was issued to cover the initial cost of the arbitration hearing. (*Id.* at 3). Defendants argue that they otherwise participated by selecting the arbitrator, communicating with counsel, issuing and responding to discovery requests, and paying $6,750 to cover the filing fee and initial retainer for the arbitrator.(*Id.*). According to Defendants, the arbitration proceedings fell apart when Plaintiffs insisted Defendants pay the entire cost of the $58,900 retainer fee and refused to engage in meaningful settlement discussions. (*Id.* at 4). Based on these facts, Defendant believes that sanctions are extreme and unwarranted. (*Id.*).

7

After considering the facts, this Court does not find sanctions to be warranted at this stage. Plaintiffs rely primarily on *SEIU Local 32BJ v. Preeminent Protective Servs.*, to contend that a finding of contempt and sanctions are appropriate. In *SEIU Local 32BJ*, the Court held a defendant in contempt where the defendant refused to enter arbitration for four months, refused to pay arbitration fees, and required three different show cause hearings. 415 F. Supp. 3d 29, 31. At the first show cause hearing, the court reasoned that holding Preeminent in contempt was premature and instead ordered the parties to split the cost of arbitration. *Id.* After this initial hearing, Preeminent still refused to comply. It was only after the second show cause hearing that the court found that Preeminent had repeatedly ignored the court and the court required Preeminent to pay Union Local's attorneys' fees. *Id.* at 32. Despite such, Preeminent still refused to participate in arbitration which prompted a third and final show cause hearing. The court ultimately held Preeminent in contempt and ordered a $20,000 sanction if they did not arbitrate within 30 days. *Id.* at 33.

Here, the conduct of Defendants does not rise to the level of repeated bad faith conduct as demonstrated by Preeminent in *SEIU Local*. While Defendants have contributed to the dismissal of the arbitration, Defendants have not demonstrated a pattern of disrespect for this Court's orders. Additionally, unlike in *SEIU Local*, neither party sought this Court's guidance to remedy the arbitration payment issue prior to dismissal. Thus, this Court will not impose sanctions or a finding of contempt at this stage but cautions Defendants that such motions can be renewed if this litigation is further frustrated by a lack of good faith participation. Instead, given that Defendants do not object to Plaintiffs' request to reopen this case and cite their wishes to adjudicate Plaintiffs' claims, this Court will vacate its March 11, 2024, and April 10, 2024, Orders. Plaintiffs' Motion for Contempt and Sanctions is **DENIED** (ECF No. 56).

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiffs' Motion for Relief from Judgment (ECF No. 55) and **DENIES** Plaintiffs' Motion for Contempt and Sanctions (ECF No. 56). This case is reopened. Accordingly, this Court **ORDERS** Defendants Sunlight Financial and Cross River Bank to answer Plaintiffs' Complaint (ECF No. 1) within thirty (30) days of this Order. This Court's March 11, 2024, and April 10, 2024, Orders are hereby **VACATED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  July 6, 2026**